**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAHEL SHIFERAW HABTYES, | No. 06-73793 |
| Petitioner, | Agency No. A078-648-361 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| RAHEL SHIFERAW HABTYES, | No. 08-70612 |
| Petitioner, | Agency No. A078-648-361 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals
Submission Deferred November 5, 2010

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: KOZINSKI,[***] Chief Judge, THOMAS, Circuit Judge, and RESTANI, Judge.[****]

Petitioner Rahel Shiferaw Habtyes ("Habtyes") challenges the Board of Immigration Appeals' ("BIA") decision affirming the oral decision of an immigration judge ("IJ"), finding Habtyes not credible and denying her requested relief for asylum, withholding of removal, and Convention Against Torture ("CAT") relief.  The IJ found Habtyes's testimony to be vague, unresponsive, "very internally inconsistent, contradicting, and most confusing."  We agree that the record is replete with factual inconsistencies and conflicts going to the heart of Habtyes's claims, both within Habtyes's testimony and also with respect to her documentary evidence.  Accordingly, the IJ's credibility determination, adopted by the BIA, was not clearly erroneous and was supported by substantial evidence.  See Singh-Kaur v. INS, 183 F.3d 1147, 1149–50 (9th Cir. 1999) ("The court must

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    Judge Cynthia Hall, now deceased, was a member of the original panel.  Chief Judge Kozinski was substituted in her stead.

[****]    The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

uphold the BIA's findings unless the evidence presented would <u>compel</u> a reasonable finder of fact to reach a contrary result . . . .").

Habtyes also challenges the BIA's denial of her second motion to reopen ("MTR"). Habtyes asserts that her second MTR should have been granted on the grounds that her counsel was ineffective for failing to file a petition for review of her first MTR, which the BIA denied on the merits.

Putting aside technical issues with the second MTR, failure to file a petition for review of the first MTR may constitute ineffective assistance of counsel and is presumptively prejudicial because it denies Habtyes access to the entire system of appeal. <u>See</u> <u>Dearinger ex rel. Volkova v. Reno</u>, 232 F.3d 1042, 1045 (9th Cir. 2000) (The failure to file an appeal "mandates a presumption of prejudice because 'the adversary process itself' has been rendered 'presumptively unreliable.'" (quoting <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 483 (2000)). This presumption may be overcome, however, where the Petitioner has not demonstrated "plausible grounds for relief." <u>See</u> <u>id.</u> at 1046. We review the BIA's denial of an MTR for abuse of discretion. <u>See</u> <u>Siong v. INS</u>, 376 F.3d 1030, 1036 (9th Cir. 2004).

We find no plausible grounds for relief, based on the claims raised in the first MTR, as Habtyes failed to put forward evidence to support her contested claims of deficient performance by her former counsel and prejudice. Therefore,

3

the BIA's decision denying the first MTR would be upheld on appeal under the deferential abuse of discretion standard. See Oyeniran v. Holder, 672 F.3d 800, 806 (9th Cir. 2012) (applying abuse of discretion standard in reviewing a motion to reopen).

PETITIONS DENIED.